UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

CCS.Com.USA, Inc.,

              Debtor.

Chapter 11
Case No.: 8-17-77476-ast

------------------------------------------------------------X

## ORDER DENYING MOTION FOR RECONSIDERATION

*Background*

On December 4, 2017 (the "Petition Date"), CCS.Com.USA, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

On December 15, 2017, The Wheatley Harbor LLC ("Wheatley") filed a motion to dismiss Debtor's Chapter 11 bankruptcy case nunc pro tunc to the Petition Date ("Motion to Dismiss"). [dkt item 12]

On February 6, 2018, Debtor filed its opposition to the Motion to Dismiss ("Opposition"). [dkt item 32]

On February 7, 2018, the Court held a hearing on, *inter alia*, the Motion to Dismiss, at which a representative of Debtor, Debtor's counsel, Wheatley's counsel, and the United States Trustee appeared. At the hearing, the Court gave the parties the deadline of February 21, 2018 to file any supplemental papers regarding the Motion to Dismiss, and advised that after that time, the Court would take the Motion to Dismiss under submission and that it would be decided on the papers. In addition, the Court advised the parties that it would hold a ruling conference (the "Ruling Conference") on the Motion to Dismiss on March 7, 2018.

On February 9, 2018, Wheatley filed a letter on the docket stating that the Ruling Conference was scheduled for March 7, 2018 at 2:00 p.m. [dkt item 33]

On February 20, 2018, the day before the February 21, 2018 deadline to file any supplemental papers regarding the Motion to Dismiss, Debtor filed a motion to extend its time to file a supporting affidavit until March 7, 2018. [dkt item 34]

On February 23, 2018, the Court entered an Order extending the parties' time to file supplemental affidavits or evidence from February 21, 2018 to February 28, 2018 ("February 23, 2018 Order"). [dkt item 35]

On February 27, 2018, Wheatley filed a Declaration of Robert E. Merrihew. [dkt item 38]

On March 6, 2018, the Court notified the parties by e-mail that the Ruling Conference was adjourned from March 7, 2018 at 2:00 p.m. to March 8, 2018 at 2:00 p.m. due to forecasted weather ("E-Mail"). The Court sent this E-mail to Debtor's counsel, *inter alia*, at the e-mail address that Debtor's counsel listed on the docket.

On March 8, 2018, the Court held the Ruling Conference.

On March 8, 2018, after the Ruling Conference, around 10:13pm, Debtor filed an affidavit in support of its Opposition. [dkt item 40]

On March 9, 2018, the Court entered an Order dismissing Debtor's case nunc pro tunc to the Petition Date (the "Dismissal Order"). [dkt item 41]

On March 15, 2018, Debtor filed a motion to vacate the Dismissal Order and exhibits which appear to be in further Opposition to the Motion to Dismiss, and scheduled a hearing for April 18, 2018 (the "Motion to Vacate"). [dkt items 43 and 45]    One of the exhibits is the E-Mail that the Court sent to Debtor's counsel notifying him of the adjourned Ruling Conference.

On April 6, 2018, the Court entered an Order, in which it noted that the Court treats the Motion to Vacate as a motion to reconsider the Dismissal Order (the "Motion to Reconsider"), and

ordered, *inter alia*, that the hearing scheduled for April 18, 2018 is marked off the Court's calendar, and that no hearing shall be held thereon unless set by the Court. [dkt item 46]

On April 18, 2018, Wheatley filed a Declaration of James M. O'Shea as well as an exhibit in opposition to Debtor's Motion to Reconsider. [dkt items 48 and 49]

*Legal Analysis*

Debtor failed to specify a legal basis for relief. However, the Court deems the Motion to Reconsider to be one under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, applicable here respectively by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("Rule 59(e)" and "Rule 60(b)").

*The Motion to Reconsider Should be Denied Under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure*

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision.'" *Woodard v. Hardenfelder*, 845 F. Supp. 960, 964–67 (E.D.N.Y. 1994) (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)). "Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023, whatever its label. Thus a motion to 'reconsider,' 'for clarification,' to 'vacate,' to 'set aside,' or to 'reargue' is a motion under Rule 9023." *In re Jamesway Corp.*, 203 B.R. 543, 546 (Bankr. S.D.N.Y. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9023.05 at pp. 9023–6–7 (15th rev. ed. 1996)).

For a Rule 59(e) motion, the burden of proof is on the movant. *See Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

3

1995)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.*; *see Ramratan v. New York City Bd. of Elections*, No. 06CV4770(NGG)(RML), 2006 WL 2614256, at *1 (E.D.N.Y. Sept. 11, 2006) (citing *JP Morgan Chase Bank v. Cook*, 322 F. Supp. 2d 353, 354 (S.D.N.Y. 2004)); *Liberty Mut. Ins. Co. v. New York (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010). "[S]uch motions are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Facts that are not in the record of the original hearing are not considered to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769.

Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

For a Rule 60(b) motion, the burden of proof is also on the movant. *See In re Koper*, 552 B.R. 208, 215 (Bankr. E.D.N.Y. 2016). In order to prevail on this motion, the movant must satisfy the following three elements: "first, there must be 'highly convincing' evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party." *In re 8 W. 58th St. Hosp., LLC*, No. 14-11524 (SHL), 2015 WL 9311525, at *3 (Bankr.

S.D.N.Y. Dec. 21, 2015) (quoting *Broadway v. City of New York*, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003)). "It is axiomatic that relief under Rule 60(b) 'is invoked only upon a showing of exceptional circumstances.'" *In re Dicks*, 579 B.R. 704, 707 (Bankr. E.D.N.Y. 2017) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

In addition to already construing Debtor's Motion to Vacate as a Motion to Reconsider and deeming the Motion to Reconsider to be one under Rules 59(e) and 60(b), and in spite of Debtor having failed to articulate a legal basis for relief, the Court nevertheless further deems the Motion to Reconsider as one that seeks relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P 60(b)(1).

As Chief Judge Craig of this Court has stated, "The term 'mistake' as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact. Excusable neglect is an 'elastic concept,' that considers all relevant circumstances, including prejudice to the non-movant, length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (internal citations omitted) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392, 395 (1993)); *In re Coughlin*, 568 B.R. 461, 477 (Bankr. E.D.N.Y. 2017).

Here, Debtor has pointed to no facts or case law that this Court overlooked in rendering its decision on the Motion to Dismiss. The Motion to Reconsider seems to request a "do-over" of the Motion to Dismiss, and Debtor has failed to provide this Court with any facts or case law that warrant this. Thus, Debtor failed to prove that the Dismissal Order should be altered or amended pursuant to Rule 59(e).

In addition, Debtor mistakenly asserts that the February 23, 2018 Order "obligated" Debtor to file a supporting affidavit by March 7, 2018, which was the day of the scheduled Ruling Conference, and that Wheatley's time to file any affidavits was extended through February 28, 2018. [dkt item 43]  Debtor then asserts that because it was unable to file its supporting affidavit on March 7, 2018 due to the court being closed because of the forecasted weather, and instead filed it on March 8, 2018 in the evening "[u]pon belatedly receiving a[n ECF] password," the Court should consider the affidavit filed on March 8, 2018, and vacate the dismissal.  However, Debtor's error was not filing a permissive affidavit by the extended deadline of February 28, 2018; there was no affidavit due by March 7, 2018.  The February 23, 2018 Order states, "**ORDERED,** that Debtor's and Wheatley's time to file any affidavits or evidence in connection with the Motion to Dismiss is extended through **February 28, 2018**"; the parties were not obligated to file a supporting affidavit by March 7, 2018, but rather were permitted to do so by February 28, 2018. [dkt item 35]  Therefore, Debtor's alleged inability to file its supporting affidavit on March 7, 2018 due to weather has no bearing.

Moreover, the two exhibits Debtor attached to its Motion to Reconsider are this Court's Dismissal Order and this Court's E-Mail to the parties notifying them that the Ruling Conference was adjourned, neither of which are evidence in support of Debtor's mistake, inadvertence, surprise, or excusable neglect. [dkt item 43, exhibits A and B]  Debtor also filed additional exhibits under a different docket entry, but provided no explanation of, let alone referenced, the additional exhibits in its Motion to Reconsider.  [dkt item 45]

Thus, Debtor failed to prove that is should be relieved of the Dismissal Order due to mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1).

Therefore, Debtor has failed to satisfy its burden under either Rule 59(e) or Rule 60(b), and thus its Motion to Reconsider lacks legal merit, and should be denied.

*Conclusion*

Accordingly, it is hereby

**ORDERED** that pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rules 59 and 60 of the Federal Rules of Civil Procedure, the Motion to Reconsider is denied.



**Dated: August 23, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**